**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT HARRIS BRINSTON,** | ) | |
| **#1141091,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1701-B |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondents. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Price Daniel Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Snyder, Texas. Respondent is the Director of TDCJ-CID. The court issued process in this case.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of aggravated sexual assault of a child in Criminal District Court No. 1 of Dallas County, Texas, in Cause No. F99-30828-KH. (Petition (Pet.) at 2). Punishment was assessed at

twenty years confinement. (Id.). His conviction was affirmed on appeal. Brinston v. State, No. 11-03-00053-CR (Tex. App. – Eastland Mar. 4, 2004, no pet.) (unpublished).

Thereafter, Petitioner filed his first federal petition. See Brinston v. Dretke, 3:05cv0327-K (N.D. Tex. filed Feb. 15, 2005). On March 1, 2001, the undersigned Magistrate Judge filed findings and conclusions, recommending that the petition be dismissed without prejudice for failure to exhaust state court remedies. The recommendation cautioned Petitioner that the habeas corpus statute imposed a one-year statute of limitations for filing federal habeas corpus petitions, and that this provision would be applicable to any subsequent petition that Petitioner may file in this court. Id. at n. 1 p. 3. Petitioner did not object and on March 22, 2005, the District Court adopted the recommendation and dismissed the habeas petition.

On March 18, 2005, four days before the dismissal of his first federal petition, Petitioner filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure. Ex parte Brinston, No. 62,413-01, at 2. Texas Court of Criminal Appeals denied the application without written order on July 27, 2005.

In this federal petition, filed on August 23, 2005, Petitioner alleges the trial court violated his Fifth Amendment rights during the punishment phase of the trial when the it remarked that Petitioner would testify, although he ultimately did not do so. (Pet. at 7).[1]

---

[1] For purposes of this recommendation, the petition is deemed filed on August 19, 2005, the date on which Petitioner certifies placing it in the prison mail system. See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

In response to this court's order, Respondent filed an answer seeking dismissal of the petition as time barred. Alternatively, Respondent asserts the petition is meritless. Petitioner has not filed a reply.

<u>Findings and Conclusions:</u>  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. <u>See</u> 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. <u>See</u> 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final for purposes of the one-year period on April 3, 2004, thirty days after the Court of Appeals affirmed the judgment of conviction. See TEX. R. APP. P. 68.2(a) (effective September 1, 1997). The one-year period began to run on April 4, 2004, the day after Petitioner's conviction became final. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir.1998). As of March 18, 2004, the date on which the Dallas County District Clerk filed the art. 11.07 application, see Ex parte Brinston, No. WR-62,413-01, at 2, 349 days of the one-year limitation period had elapsed. The state application remained pending until July 27, 2005, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir.1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir.1998). The one-year period resumed running on July 28, 2005, and expired sixteen days later on August 12, 2005, seven days before Petitioner filed the federal petition in this case. Therefore, the federal petition is time barred absent equitable tolling.[2]

Petitioner certifies mailing the art. 11.07 application on March 10, 2005, eight days before its filing by the Dallas County District Clerk. (Pet. at 3). Insofar as he relies on the federal mailbox rule, his claim is meritless. The federal mailbox rule does not apply to the filing of state writs. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (declining to extend the mailbox rule to the determination of filing dates for state habeas

---

[2] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner failed to include the date on which he signed his petition. (See Petition at 9). Moreover, his brief in support of the petition is neither signed nor dated. Therefore, absent additional information, the court is bound by the filing date of June 2, 2005. Nevertheless, the long delays in this case would render irrelevant any benefit of the mailbox rule.

applications). Instead, when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, a court should examine the facts to determine whether the prisoner is entitled to equitable tolling. Id.

Petitioner does not present "rare and exceptional" circumstances warranting equitable tolling, see Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), or that he diligently pursued his rights, United States v. Patterson, 211 F.3d 927, 93 (5th Cir. 2000). On the contrary, his own allegations reflect that he did not pursue "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000), reh'g granted in part, 223 F.3d 797 (5th Cir. 2000). He delayed the filing of his art. 11.07 application by 349 days -- eleven months and fifteen days -- after his conviction became final. Following the denial of his state application, he delayed 23 days before submitting this federal petition for filing, although this Court had specifically advised him about the one-year limitation period. These delays – clearly of Petitioner's own making – do not evince due diligence. "[E]quity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations.  See 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner, and counsel for Respondent.

Signed December 12, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.